John L. AKINS, #73504, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Peniten-
tiary, and the State of Oklahoma,
Respondents.

No. A–14026.

Court of Criminal Appeals of Oklahoma.

Dec. 28, 1966.

John L. Akins, pro se.

Chester D. Silvers, County Atty., Coman-
che County, Lawton, for respondents.

BRETT, Judge.

John L. Akins has filed in this Court
his petition for "Writ of Habeas Corpus
and/or Post Conviction Appeal". In his
petition he alleges that he is serving a term
of six years in the State penitentiary,
having entered a plea of guilty in the Su-
perior Court of Comanche County, Okla-
homa, to a charge of armed robbery.

·Defendant states that he did not serve
notice of his intention to appeal, did not
request a casemade at public expense, and
that he did not request the appointment of
an attorney for appeal.

As grounds for relief, petitioner alleges
that he was unlawfully arrested in Wichita
Falls, Texas, by the city police of Lawton,
Oklahoma. That he was taken to Lawton,
and was there subjected to "severe question-
ing and threats by Capt. Cleo Stout of the
Lawton detectives, and verbally threatened
by the County Attorney of Comanche
County". That he was at no time advised
of his rights, or asked if he desired counsel.
He alleges further that he was "half bribed
and half forced" to sign some sort of forms,

which he later learned were extradition papers to transfer him from Wichita Falls, Texas, to Lawton, Oklahoma.

This Court entered a rule to show cause, returnable on September 24, 1966 and forwarded a copy thereof, with plaintiff's petition, to the Hon. Chester Silvers, County Attorney of Comanche County, and a copy to the Hon. Robert S. Landers, Jr., Judge of the Superior Court of that County, requiring them to respond to said petition on or before September 24, 1966.

A response on behalf of the respondents was duly filed on September 13, 1966, wherein the County Attorney denied, under oath, that he at any time or any place ever verbally or otherwise made any threats against petitioner. He further stated that defendant was confined in the county jail of Comanche County and charged with armed robbery. That defendant never at any time made request to be provided counsel; that upon arraignment on March 9, 1966 the defendant entered a plea of guilty. The County Attorney affirmatively stated further that defendant made request of the jailer that he be permitted to see the County Attorney, indicating he wished to change his plea. That on March 14, 1966 petitioner was brought to the office of the County Attorney, who advised petitioner of his rights to have an attorney appointed to defend him, and to have a jury trial. That the defendant read an instrument titled, "Acknowledgment of Explanation of Rights and Waiver", and after reading the instrument, he voluntarily signed the same. That he was then taken before the Judge of the Superior Court of Comanche County, Judge Robert S. Landers, Jr., who again advised defendant of his right to have counsel appointed, and his right to trial by jury. The defendant stated before the Superior Judge that he wanted to waive counsel, and waive trial, and wanted to enter his plea of guilty, and be sentenced.

Attached to the response is the original "Acknowledgment of Explanation of Rights and Waiver" signed by the defend-

ant. There is also attached to the response an affidavit of Cleo Stout, Captain of the detectives of the Lawton Police Department. Capt. Stout denied that any threats of any description, or promises of reward were made to, and no statement or confession was obtained from petitioner.

This matter was assigned for hearing before this Court for November 9, 1966, and at the request of petitioner, an order was entered directing the Warden of the State Penitentiary to have petitioner present at such hearing. This was done, and petitioner testified before this Court. At that hearing, petitioner was granted twenty days additional time within which to file further pleadings. Nothing further has been filed.

 After due consideration of the pleadings filed, and the testimony introduced, the Court is of the opinion that the petitioner has failed to establish the contentions set forth in his petition.

Therefore, the petition for writ of habeas corpus and/or post conviction appeal is denied.

BUSSEY, P. J., and NIX, J., concur.